Clinton E. Duke, *pro hac vice application forthcoming*
clinton.duke@dentons.com
John R. Richardson, *pro hac vice application forthcoming*
john.richardson@dentons.com
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000

Nicholas B. Janda (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
(213) 623-9300

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Zerorez Franchising Systems, Inc., a Delaware Corporation, Zerorez, Inc., a Delaware Corporation, and Z Intellectual Property Holding Company, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Zero Residue Carpet Cleaning, 0Residue Carpet Cleaning, Genesis Carpet & Upholstery, Dquan Hoskins, Nathan Levy, Josue David Cortez Amaya, Oren Livene, and Ofir Asis,<br><br>Defendants. | Case No. 8:24-cv-00567<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs Zerorez Franchising Systems, Inc. Zerorez, Inc. and Z Intellectual Property Holding Company, LLC ("Zerorez" or "Plaintiffs") bring this action against Zero Residue Carpet Cleaning, 0Residue Carpet Cleaning, Genesis Carpet & Upholstery, Dquan Hoskins, Nathan Levy, Josue David Cortez Amaya, Oren Livene, and Ofir Asis (collectively, "Defendants") for injunctive relief and damages under the trademark laws of the United States and under the laws of the State of California.

## JURISDICTION AND VENUE

1. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. §§ 1114 and 1125, as well as under California unfair competition law and the common law of trademark infringement, passing off, and unfair competition. The Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being so closely related to the substantial federal trademark claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2. The Court has personal jurisdiction over Defendants because a substantial part of Defendants' acts giving rise to Zerorez's claims occurred in California.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of Defendants' acts giving rise to Zerorez's claims occurred in this judicial district, and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action. Specifically, Defendants are offering their services under Zerorez's trademarks in this judicial district.

## PARTIES

4. Zerorez Franchising Systems, Inc. is a Delaware Corporation, with its headquarters in Pleasant Grove, Utah and works with Zerorez franchises across the

country including in this district. A Zerorez franchise is located in this district at 17815 Sky Park Circle, Suite C, Irvine, California 92614.

5. Zerorez, Inc. is a Delaware Corporation with its headquarters in Pleasant Grove, Utah and is the parent company of Zerorez Franchising Systems, Inc.

6. Z Intellectual Property Holding Company, LLC is a Utah limited liability company and holds the intellectual property of Zerorez, Inc. including its trademark registrations.

7. On information and belief, Zero Residue Carpet Cleaning is a California company with its principal place of business at 27444 Camden Suite 5C, Mission Viejo, CA 92692.

8. On information and belief, 0Residue Carpet Cleaning is a Nevada company with its principal place of business at 925 Las Vegas Valley Dr. Suite D, Las Vegas, NV 89109.

9. On information and belief, Zero Residue Carpet Cleaning and 0Residue Carpet Cleaning are affiliated with each other and are owned or operated by the same individuals or entities.

10. On information and belief, Genesis Carpet & Upholstery is a Nevada company with its principal place of business at 925 Las Vegas Valley Dr. Suite D, Las Vegas, NV 89109 and is one of the several carpet cleaning businesses in California and Nevada that provide carpet cleaning technicians that pose as Zerorez carpet cleaning technicians.

11. On information and belief, Dquan Hoskins is an individual residing in Mission Viejo, California.

12. On information and belief, Nathan Levy is an individual residing in Las Vegas, Nevada.

13. On information and belief, Josue David Cortez Amaya is an individual residing in Las Vegas, Nevada.

14. On information and belief, Oren Livene is an individual residing in Las Vegas, Nevada.

15. On information and belief, Ofir Asis is an individual residing in Las Vegas, Nevada.

16. On information and belief, at least Dquan Hoskins, Nathan Levy, Josue David Cortez Amaya, Oren Livene, and Ofir Asis are affiliated with each other to own and operate Zero Residue Carpet Cleaning and 0Residue Carpet Cleaning in order to provide carpet cleaning technicians to consumers posing as Zerorez carpet cleaning technicians.

## NATURE OF CASE

### Zerorez's Business and Trademark Rights

17. Zerorez is a prominent and well-known franchisor that offers carpet and surface cleaning services through Franchisees and other franchisees throughout the United States and internationally.

18. Zerorez owns trademark and common law rights in the Zerorez name and related names (the "Zerorez Marks") in connection with its carpet and surface cleaning services (the "Zerorez Services").

19. Zerorez was founded and began operations as a franchising business offering the Zerorez Services in 2001. The Zerorez Services have expanded to include 70 franchise locations across the United States, Canada, and the United Kingdom.

20. In addition to its common law rights in the Zerorez Marks, Zerorez owns valid and subsisting trademark applications and registrations for the Zerorez Marks in the United States. In particular, Zerorez owns the following relevant US trademark registrations, among others (the "Zerorez Registrations"):

| MARK | REG. DATE | GOODS/SERVICES |
|---|---|---|
| **ZEROREZ**<br>US Reg. No.: 2912417 | Dec. 21, 2004 | Class 37: Carpet and fabric cleaning, namely the cleaning of upholstery, fabric, non-wood hard surface floors, and air ducts |
| zerorez<br>US Reg. No.: 2912416 | Dec. 21, 2004 | Class 37: Carpet and fabric cleaning, namely the cleaning of upholstery, fabric, non-wood hard surface floors, and air ducts |
| zerorez<br>US Reg. No.: 5566972 | Sept. 18, 2018 | Class 37: Carpet cleaning; rug cleaning; air duct cleaning services; carpet, fabric, floor and surface cleaning, namely, the cleaning of carpet, upholstery, fabric, tile, grout, glass, countertops, stone surfaces, wood surfaces, enamel surfaces, door knobs, mirrors, mattresses, stove top surfaces, stainless steel surfaces, non-wood hard surface floors, non-wood hard surfaces, and air ducts |
| Zr zerorez<br>US Reg. No.: 5705160 | Mar. 19, 2019 | Class 37: Carpet cleaning; rug cleaning; air duct cleaning services; carpet, fabric, floor and surface cleaning, namely, the cleaning of carpet, upholstery, fabric, tile, grout, glass, countertops, stone surfaces, wood |

| | | |
|---|---|---|
| | | surfaces, enamel surfaces, door knobs, mirrors, mattresses, stove top surfaces, stainless steel surfaces, non-wood hard surface floors, non-wood hard surfaces, and air ducts |
| **ZERO RESIDUE** <br> US Reg. No.: 4577711 | July 29, 2014 | Class 37: Carpet and fabric cleaning, namely, the cleaning of upholstery, fabric, non-wood hard surface floors, and air ducts |
| **NO RESIDUE** <br> US Reg. No.: 4577715 | July 29, 2014 | Class 37: Carpet and fabric cleaning, namely the cleaning of upholstery, fabric, non-wood hard surface floors, and air ducts |
| **RESIDUE FREE** <br> US Reg. No.: 4878853 | Dec. 29, 2015 | Class 37: Carpet and fabric cleaning, namely, the cleaning of upholstery, fabric, non-wood hard surface floors, and air ducts |

21. True and correct copies of the registrations for the above-listed marks are attached hereto and incorporated herein as Exhibit A.

22. As a result of the Zerorez Registrations and continuous use of the Zerorez Marks in connection with the Zerorez Services, Zerorez owns valid and subsisting federal and common law rights in the Zerorez Marks.

23. Zerorez has invested substantial time, money, and resources in marketing, advertising, and promoting the Zerorez Services under the Zerorez Marks and has thereby developed extensive recognition and valuable goodwill in its Zerorez Marks. Zerorez was marketing, advertising, and promoting the Zerorez Services using the Zerorez Marks as early as 2003.

24. As a result of widespread use and promotion, the Zerorez Marks are famous among the general consuming public.

### Defendants' Business & Infringement

25. On information and belief, Defendant Zero Residue Carpet Cleaning is a California company that promotes carpet cleaning and other surface cleaning services in this jurisdiction using Zerorez's trademarks.

26. On information and belief, Defendant 0Residue Carpet Cleaning is a Nevada company that promotes carpet cleaning and other surface cleaning services in this and other jurisdictions using Zerorez's trademarks.

27. On information and belief and based on the similarly of their websites and involvement of similar individuals, Defendant Zero Residue Carpet Cleaning and Defendant 0Residue Carpet Cleaning are affiliated or operated as a single entity.

28. On information and belief, Defendant Genesis Carpet & Upholstery is a Nevada company that promotes carpet cleaning and other surface cleaning services under the name 0Residue Carpet Cleaning and is one of several entities that provides carpet cleaning technicians to consumers that pose as Zerorez carpet cleaning technicians.

29. On information and belief, Defendant Dquan Hoskins is an owner of Defendant Zero Residue Carpet Cleaning.

30. On information and belief, Defendant Nathan Levy is an owner of Defendant 0Residue Carpet Cleaning.

31. On information and belief, Defendant Josue David Cortez Amaya is an owner of Defendant 0Residue Carpet Cleaning.

32. On information and belief, Defendants Oren Livene and Ofir Asis own and operate the websites www.zeroresiduecarpetcleainingca.com and www.zeroresiduecarpetcleaninglv.com (the "0 Residue Websites"), which are used to market carpet cleaning and other surface cleaning services (collectively, the "0

Residue Services"). Attached hereto as Exhibit B are true and correct copies of screenshots of the 0 Residue Websites.

33. Defendants are using the Zero Residue trademark and potentially other Zerorez Marks or marks so similar that they have the same commercial impression (the "Infringing Marks"), in connection with the advertising, promotion, and sale of the 0 Residue Services.

34. Attached as Exhibit C is a customer complaint posted on the Better Business Bureau profile for Genesis Carpet Cleaning where the customer expressed that he thought he was doing business with Plaintiff Zerorez.

35. On information and belief, Defendants adopted and began using the Infringing Marks with knowledge of Zerorez's business, the Zerorez Marks, the Zerorez Registrations, and the Zerorez Services.

36. Zerorez's trademark rights by virtue of the use of its Zerorez Marks since at least as early as 2003 are senior to any rights that the Defendants may allege to have in the Infringing Marks.

37. Zerorez has not authorized any of the Defendants to use the Infringing Marks or any similar variations.

38. Despite Zerorez's requests, Defendants continue to use the Infringing Marks.

39. On information and belief, Defendants Dquan Hoskins, Nathan Levy, Josue David Cortez Amaya, Oren Livene, and Ofir Asis (the "Individual Defendants"), are principals of Zero Residue Carpet Cleaning and/or 0Residue Carpet Cleaning (collectively "0 Residue") and have directed, controlled, ratified, participated in, and are the moving force behind the infringing and improper activity alleged herein.

40. On information and belief, the Individual Defendants, at a minimum, have comingled their personal funds with those of 0 Residue, share personal bank

accounts with 0 Residue, share personal accounting records with those of 0 Residue, have no operating agreements for 0 Residue, have failed to fulfill corporate formalities with respect to 0 Residue, and have undercapitalized 0 Residue for its operating needs. In other words, there is such a unity of interest and ownership between 0 Residue and the Individual Defendants that the separate personalities of 0 Residue and the Individual Defendants no longer exist, and the observance of the corporate form would promote injustice or otherwise allow for an inequitable outcome of this lawsuit.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

41. Zerorez repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

42. Zerorez's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because the Defendants own no trademark filings for the Infringing Marks and did not use the Infringing Marks in commerce prior to the filing dates and first dates of use of the Zerorez Registrations and Zerorez Marks.

43. Defendants' unauthorized use of the Infringing Marks in interstate commerce in connection with the 0 Residue Services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44. Defendants' Infringing Marks, e.g., "0 Residue" and "Zero Residue" are identical or nearly identical to the Zerorez Marks, e.g., "Zero Residue," and the 0 Residue Goods and Services are identical or highly related to the Zerorez Services protected under the Zerorez Registrations.

45. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the 0 Residue Goods and Services and the Zerorez Goods and Services, who are likely to believe

erroneously that the 0 Residue Services originate from the same source as the Zerorez Services, or are otherwise affiliated, connected, or associated with Zerorez, or sponsored or approved by Zerorez.

46. On information and belief, Defendants have knowingly and willfully infringed Zerorez's trademark rights with the express intent to trade on the substantial goodwill in the Zerorez Marks.

47. The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the First Cause of Action.

48. Zerorez has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Zerorez's rights in the Zerorez Marks and Zerorez Registrations and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

49. By reason of the foregoing, Zerorez asserts a claim against Defendants for injunctive and monetary relief pursuant to Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition - 15 U.S.C. § 1125(a))

50. Zerorez repeats, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

51. Zerorez's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because Zerorez owns common law trademark rights in the Zerorez Marks in connection with the Zerorez Services, which are highly similar to the 0 Residue Services and which predate the Defendants' first use date of, and any other rights they have in, the Infringing Marks.

52. Defendants' use of the Infringing Marks in interstate commerce, in connection with the 0 Residue Services, constitutes trademark infringement and unfair competition against Zerorez's rights in the Zerorez Marks pursuant to 15 U.S.C. § 1125(a)(1)(A).

53. Defendants' Infringing Marks, e.g., "0 Residue" and "Zero Residue" are nearly identical to the Zerorez Marks," e.g., "Zero Residue," and the 0 Residue Services are identical or highly related to the Zerorez Services protected under the Zerorez Marks.

54. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the 0 Residue Services and the Zerorez Goods and Services, who are likely to believe erroneously that the 0 Residue Services originate from the same source as the Zerorez Goods and Services, or are otherwise affiliated, connected, or associated with Zerorez, or sponsored or approved by Zerorez.

55. Defendants' use of the Infringing Marks in interstate commerce has caused actual confusion and/or deception regarding whether the 0 Residue Services originate from or are affiliated with Zerorez. See Ex. C.

56. The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the Second Cause of Action.

57. Zerorez has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Zerorez's rights in the Zerorez Marks and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

58. By reason of the foregoing, Zerorez is entitled to damages and injunctive relief against the Defendants.

## THIRD CAUSE OF ACTION

## (Federal Trademark Dilution in Violation of 15 U.S.C. §1125(c))

59. Zerorez repeats, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

60. The Zerorez Services offered under the Zerorez Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Specifically, Zerorez's "ZEROREZ," "ZERO RESIDUE," "NO RESIDUE," and "RESIDUE FREE" marks are famous among the general consuming public and became famous before Defendants' first use of the Infringing Marks. As a result, Defendants' use of the Infringing Marks causes, or will likely cause, dilution of the distinctive quality of the ZEROREZ mark with consequent damage to Zerorez and the public.

61. On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the ZEROREZ mark.

62. The Individual Defendants are personally liable for these violations of the Lanham Act since they directed, controlled, ratified, participated in, and are the moving force behind the improper activity alleged under the Third Cause of Action.

63. By reason of the foregoing, Zerorez is entitled to damages and injunctive relief against Defendants.

## FOURTH CAUSE OF ACTION

## (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

64. Zerorez repeats, realleges, and incorporates the preceding paragraphs as though fully set forth herein.

65. Defendants' unauthorized commercial use of the Infringing Marks is likely to cause confusion, to cause mistake, or to deceive the public as to whether

Defendants are affiliated, connected, or associated with Zerorez and/or as to whether Zerorez sponsored or approved of Defendants' activities.

66. Defendants' acts constitute an intentional business act or practice that is unlawful, unfair, or fraudulent, leads to a material diminution in value of intellectual property, and is an infringement of the Zerorez Marks and/or Zerorez's trade name in violation of Ca. Bus. & Prof. Code. §§ 17200, *et seq*.

67. Zerorez has suffered the deprivation of money in the form of lost customers who would have otherwise purchased the Zerorez Services were it not for Defendants' use of the Infringing Marks.

68. The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

69. By reason of the foregoing, Zerorez is entitled to injunctive relief and damages against Defendants, including an award of costs, attorneys' fees, and punitive damages pursuant to Utah Code Ann. § 13-5a-101(1)(b).

## FIFTH CLAIM

### (Common Law Trademark Infringement)

70. Zerorez realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

71. Zerorez owns and enjoys common law trademark rights in the Zerorez Marks in California and throughout the Untied States.

72. Defendants' unauthorized use of the Infringing Marks constitutes trademark infringement and has caused, and is likely to continue to cause, confusion, deception, and mistake among the consuming public as to the source of, and authorization for, the 0 Residue Services sold and/or advertised by Defendants in violation of the common law of the State of California.

73. On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the Zerorez Marks.

74. As well as harming the public, Defendants' conduct as alleged herein has caused, and will continue to cause, Zerorez irreparable harm for which there is no adequate remedy at law and is also causing damage to Zerorez in an amount which cannot be accurately computed at this time but will be proven at trial.

75. The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

76. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SIXTH CLAIM

### (Dilution in Violation of Cal. Bus. & Prof. Code § 14247)

77. Zerorez realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

78. The Zerorez Services offered under the Zerorez Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion in the state of California. Specifically, Zerorez's "ZEROREZ", "ZERO RESIDUE," "NO RESIDUE," and "RESIDUE FREE" marks are famous among the general consuming public in the state of California and became famous in the state of California before Defendants' first use of the Infringing Marks.

79. 0 Residue is using the Infringing Marks in its 0 Residue Services in the state of California, in competition with the Zerorez Services. As a result, Defendants'

use of the Infringing Marks causes, or will likely cause, blurring of the Zerorez Marks and Infringing Marks and tarnishing of the distinctive quality of the Zerorez Marks.

80. On information and belief, Defendants' conduct alleged herein has been undertaken willfully and maliciously, and with full knowledge and intent to trade on the goodwill in the Zerorez Marks.

81. The Individual Defendants are personally liable for these violations since, on information and belief, they have taken actions that justify the piercing of the corporate veil.

82. By reason of the foregoing, Zerorez is entitled to injunctive relief, damages, and punitive damages, under Utah Code Ann. § 70-3a-403, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Zerorez demands judgment against Defendants, as follows:

A. That the Court enter a finding that Defendants' use of the Infringing Marks infringes on Zerorez's rights in the Zerorez Marks and Zerorez Registrations;

B. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants form:

    i. Using Defendants' Infringing Marks in connection with any of the 0 Residue Services in California and throughout the United States;

    ii. Infringing any of Zerorez's intellectual property rights in the Zerorez Marks and Zerorez Registrations;

    iii. Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive members of the public to believe, that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with

Defendants are sponsored, approved, or licensed by Zerorez, or are in any way connected or affiliated with Zerorez;

    iv. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods or services as being those of Zerorez, including without limitation the Zerorez Marks;

    v. Otherwise competing unfairly with Zerorez in any matter; and

    vi. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(v) above.

C. That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

D. That the Court award Zerorez damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

E. That the Court award Zerorez punitive damages in an amount sufficient to punish and deter Defendants;

F. That the Court find that this is an exceptional case and award Zerorez its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or California law;

G. That the Court retain jurisdiction of this action for the purpose of enabling Zerorez to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of

any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

  H. For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Zerorez hereby demands a trial by jury.

Dated March 18, 2024    DENTONS US LLP
             Nicholas B. Janda

             DENTONS DURHAM JONES PINEGAR, P.C.
             Clinton E. Duke
             John R. Richardson


             */s/ Nicholas B. Janda*
             Nicholas B. Janda

             *Attorneys for Plaintiffs*